IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
: 
HEALTH QUIP, INC., et al.,                           : CASE NO. 1:06 CV 3022
:
                              Plaintiffs,   :
: ORDER & OpINION GRANTING
             -vs-                                    : MOTION TO STAY PROCEEDINGS
: AND CLOSE CASE PENDING
8805, INC., et al.,                                  : ARBITRATION
:
                              Defendants.   :
:
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter is before the Court on the defendants' motion to stay the instant action pending arbitration. (Docket No. 11). On 8 September 2005, plaintiffs Health Quip, Inc., LL-Humphries LLC, Louis Holtz, Edward Daniel, and David Rabinowitz agreed to sell their business to the defendants 8805, Inc., Med-XS Solutions, Inc., Kevin Tenkku, Janet Tenkku, and Joseph Guerra. (Docket No. 1, ¶ 14). The plaintiffs, 8805, Inc., and Med-XS executed a total of eight agreements to effectuate the sale.[1] (Docket

---

[1] The parties executed the following agreements on 8 September 2005:
1. Asset Purchase Agreement between Health Quip, 8805, Inc., Louis Holtz, John Daniel, Edward Daniel, and David Rabinowitz;
2. Employment Agreement between 8805, Inc. and Louis Holtz;
3. Employment Agreement between 8805, Inc. and Edward Daniel;
4. Employment Agreement between 8805, Inc. and David Rabinowitz;
5. Non-Competition Agreement between between Health Quip, 8805, Inc., Louis Holtz, John Daniel, Edward Daniel, and David Rabinowitz;
6. Commercial Lease Contract between LL Humphries and 8805, Inc.,;
7. Holdback Agreement between Health Quip, 8805, Inc., Louis Holtz, John Daniel, Edward Daniel, and David Rabinowitz ; and

No. 1, ¶ 15). The individual defendants were not personal signatories to the agreements.

The plaintiffs brought suit against the defendants on 19 December 2006, alleging claims of fraud, violation of state and federal racketeering laws, breach of contract, unjust enrichment, breach of fiduciary duty, defamation, and declaratory, injunctive, and equitable relief. (Docket No. 1). The "Allegations Common to All Claims" asserted in the complaint indicate that all of the plaintiffs' claims arise from the sale of Health Quip to the defendants and the after-sale employment relationship between Messrs. Holtz, Daniel, and Rabinowitz and 8805, Inc. (Docket No. 1 ¶¶ 12 -27). The defendants now motion the Court to stay the instant action pending the outcome of arbitration proceedings, arguing that all of the plaintiffs' claims asserted against 8805, Inc. and Med-XS arise out of the parties' agreements containing binding arbitration clauses, and that the related claims asserted against the individual defendants should be stayed pending completion of these arbitration proceedings. (Docket Nos. 11, 24). The plaintiffs oppose the motion, asserting that the Court should allow this action to proceed simultaneously with the arbitration proceedings. (Docket No. 23).

Under the Federal Arbitration Act ("FAA"), "a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Stout v. J.D. Byrider, 228 F.3d 709, 714

---

8. A Guaranty executed by Med-XS guaranteeing the obligations of Health Quip, 8805, Inc., Louis Holtz, Edward Daniel, and David Rabinowitz.
(Docket No. 1 ¶ 15).

(6th Cir. 2000) (quoting 9 U.S.C. § 2). Any doubts regarding the scope of arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). The FAA requires courts to stay proceedings pending completion of the arbitration process. 9 USC § 3.

When considering a motion to stay proceedings pending arbitration, a court must make the following determinations:

1. Whether the parties agreed to arbitrate?

2. What is the scope of the arbitration agreement?

3. Whether federal statutory claims are asserted that Congress intended to be nonarbitrable?

4. If some, but not all, of the causes of action are subject to arbitration, should all claims be stayed pending arbitration?

Fazio v. Lehman Bros. Inc., 340 F.3d 386, 392 (6th Cir. 2003).

In the instant action, the plaintiffs, 8805, Inc. and Med-XS have agreed to arbitrate their disputes pursuant to the arbitration clauses contained in seven of the eight agreements.[2] (Docket No. 11 pp 5-6; Docket No. 23 pp. 1-2). Thus, pursuant to 9 U.S.C. § 3, the Court will stay these claims pending the completion of the arbitration proceedings.

With respect to the scope of the arbitration clauses, the Court concludes that all

---

[2] The plaintiffs noted in their response brief that only two of the eight contracts contain arbitration clauses, but a review of seven of the eight contracts submitted to the Court demonstrate that all of these agreements contain arbitration clauses.

The commercial lease contract signed by the parties has not been made part of the Court record. However, none of the plaintiffs' claims arise from this agreement, so the presence of an arbitration clause in this contract is not relevant to the instant action. Any references to the contracts between the parties in this Order and Opinion refer only to the seven contracts that relate to the claims in the instant matter.

of plaintiffs' claims as against 8805, Inc. and Med-XS fall within the scope of the arbitration clauses contained in the seven agreements. District Courts have the authority to decide whether a claim is within the scope of an arbitration agreement. Stout, 228 F.3d at 714. The Sixth Circuit distinguishes between "broad" and "narrow" arbitration clauses. Where a court is faced with a broad arbitration clause that uses language such as "any dispute arising out of this agreement," all claims should be reserved for arbitration. Simon v. Pfizer Inc., 398 F.3d 765, 775 (6th Cir. 2005). However, when presented with a narrow arbitration clause which specifies that only certain disputes are subject to arbitration, the court should not compel other claims to arbitration that may arise in the same action. Id. As a threshold issue, the Court finds that all of the agreements except the Holdback Agreement have broad arbitration clauses. (Docket No. 1, Exs. A - D). The Holdback Agreement is more limited in scope, subjecting to arbitration only those disputes over the amount of a claim against the holdback. (Docket No. 1, Ex. A Attach.).

The Sixth Circuit instructs that the proper analysis for determining the scope of an arbitration clause is to "ask if an action could be maintained without reference to the contract or relationship at issue." Fazio, 340 F.3d at 395. If so, the claim is outside the scope of the arbitration agreement. Id. Moreover, a tort claim is covered by an arbitration agreement only if the allegations giving rise to the tort touch matters covered by the agreement. Id. Based on this analysis, the Court finds that all claims raised by the plaintiffs as against 8805, Inc. and Med-XS fall within the scope of the arbitration clauses in the seven agreements. Each of these claims relate to the sale of Health Quip to the defendants and the post-sale employment relationship, both of which were

4

covered by and memorialized in the various agreements.  Furthermore, none of these claims can be maintained without reference to the contracts or the relationships among the parties.

Next, the Court finds that the plaintiffs' federal statutory claim brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") is arbitrable. Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 242 (1987) (holding, "we find no basis for concluding that Congress intended to prevent enforcement of agreements to arbitrate RICO claims").

Finally, the Court concludes that the claims raised against defendants Kevin Tenkku, Janet Tenkku, and Joseph Guerra will be stayed pending the completion of the arbitration proceedings.  The decision to stay claims among non-arbitrating parties lies within the discretion of the district courts.  Moses H. Cone Mem'l Hosp., 460 U.S. at 20, n.23.  "A stay is justified when a lawsuit against a nonsignatory depends upon the same facts and is inherently inseparable from the arbitrable claims."  Patnik v. Citicorp Bank Trust, FSB, 412 F.Supp.2d 753, 762 (N.D. Ohio 2005).  Here, the plaintiffs' complaint does not distinguish between the facts and claims asserted against the individual defendants and the facts and claims asserted against 8805, Inc. and Med-XS.  The complaint simply asserts six causes of action against "Defendants."  Thus, because the claims asserted against the individual defendants are inseparable from the claims asserted against 8805, Inc. and Med-XS, the non-arbitrable claims as against the individual defendants will be stayed pending the outcome of the arbitration proceedings involving the plaintiffs, 8805, Inc. and Med-XS.

For the reasons set forth above, further proceedings in this matter involving both

arbitrable and non-arbitrable claims are hereby **STAYED** and this case is **CLOSED**. Within thirty days of the final arbitration decision, either the plaintiffs shall motion the Court to reopen the case or the parties shall file a stipulated notice of dismissal pursuant to subject to Fed. R. Civ. P. 41(a)(1)(ii).

    IT IS SO ORDERED.

        /s/Lesley Wells
    UNITED STATES DISTRICT JUDGE

Date:   15 May 2007